IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 27 2018
BY_____ ARTHUR JOHNSTON _____ DEPUTY

| | |
|---|---|
| EVELYN KEYES | PLAINTIFF |
| v. | CIVIL ACTION NO. 3:18-cv-671-DPJ-FKB |
| TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. d/b/a DIRECT TOOLS FACTORY OUTLET | DEFENDANTS |

## COMPLAINT

### (JURY TRIAL DEMANDED)

COMES NOW Plaintiff Evelyn Keyes, by and through counsel, and files this her civil action to recover damages against Techtronic Industries Factory Outlets, Inc. d/b/a Direct Tools Factory Outlet as follows:

### I. Parties

1. Plaintiff Evelyn Keyes ("Keyes") is an adult resident citizen of Rankin County, Mississippi.

2. Defendant Techtronic Industries Factory Outlets, Inc. d/b/a Direct Tools Factory Outlet is a non-resident corporation with its principal place of business in South Carolina and whose registered agent for service of process is Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

### II. Venue and Jurisdiction

3. The Plaintiff incorporates by reference the preceding paragraphs.

4. Plaintiff is a citizen of the State of Mississippi and the Defendant is organized and

incorporated under laws of other states having its principal place of business in a state other than the State of Mississippi. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C § 1332.

5. The event giving rise to this claim occurred in Rankin County, Mississippi, and therefore, venue is proper in this Court pursuant to 28 U.S.C § 1391.

### III. Underlying Facts

6. The Plaintiff incorporates by reference the preceding paragraphs.

7. At approximately 1440 hours on November 24, 2017, Ms. Keyes was a customer and business invitee of the Direct Tools Factory Outlet located at 200 Bass Pro Drive, Suite #525, Pearl, Rankin County, Mississippi, which is owned and operated by Defendant Techtronic Industries Factory Outlets. At the aforementioned time and place, Ms. Keyes was shopping for an item to purchase and while walking through the store, she tripped and fell over a lawn mower which had been placed by the Defendant in the aisle where she was walking. The lawnmower was displayed on the floor at the end of an aisle and in a location where customers were expected to walk. There were no signs warning Ms. Keyes of any dangerous conditions. As a result of this fall, Ms. Keyes sustained severe and painful injuries. Ms. Keyes' fall as set forth above was proximately caused by the negligence of the Defendant and its employees. As a direct and proximate result of the negligence of the Defendant and its employees, Ms. Keyes sustained injuries and damages as set forth below.

### IV. Cause of Action

8. The Plaintiff incorporates by reference the preceding paragraphs.

9. All actions and inactions of the Techtronic Industries Factory Outlets Defendant's

employees are imputed to said Defendant pursuant to the doctrine of *respondeat superior*.

10. The Techtronic Industries Factory Outlets Defendant controlled the store floors and merchandise at issue here and the doctrine of *res ipsa loquitur* is applicable as the incident is one that ordinarily would not happen in the absence of the Defendants' negligence.

11. The Techtronic Industries Factory Outlets Defendant was negligent with regard to the condition of the floor, walkways, and merchandise displayed. The Defendant's negligence includes, but is not limited to, the following:

   (a) The failure to provide a reasonably safe premises for its customers;

   (b) The failure to exercise reasonable care in the operation of the Direct Tools Factory Outlet;

   (c) The failure to maintain its premises in a reasonably safe condition;

   (d) The placement of merchandise at the end of an aisle and on the floor where customers were expected to walk which caused or contributed to the dangerous condition;

   (e) The failure to warn of a dangerous condition, not apparent to Ms. Keyes, which was known to the Defendant and its employees/agents, or which existed for such a period of time that constructive knowledge of the dangerous condition is imputed to the Defendant;

   (f) The failure to inspect and maintain the store floor and displays of merchandise in such a manner so as to discover dangerous conditions and prevent falls in the area where Ms. Keyes' injury occurred;

   (g) The failure of the Defendant to enact appropriate procedures for placing merchandise in its store so as not to create a trip/ fall hazard and which

        would prevent customers from tripping/ falling on its merchandise.

  (h)    Creating a dangerous condition which caused or contributed to the Plaintiff's fall; and,

  (i)    Other acts of negligence to be proven at trial.

### V. Damages

12.    The Plaintiff incorporates by reference the preceding paragraphs.

13.    As a direct and proximate result of the negligence of all Defendants as outlined above, Ms. Keyes sustained severe and painful injuries for which she has incurred hospital, doctor, drug, and other medical expenses in an effort to treat and rehabilitate her condition.  These injuries are both temporary and permanent in nature.  Ms. Keyes may reasonably be expected to incur hospital, doctor, drug, and other medical expenses in the future in a continuing effort to treat and rehabilitate her condition.  Further, and as a direct and proximate result of these injuries, Ms. Keyes has endured pain and suffering, mental anguish and anxiety, and she may reasonably be expected to endure the same in the future. Ms. Keyes has sustained a degree of disability, impairment, scarring, disfigurement, and loss of enjoyment of life which she may continue to sustain in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Evelyn Keyes demands judgment of and from the Defendant for her injuries and damages in a fair and reasonable amount to be determined by a jury in addition to pre-judgment and post-judgment interest, and all costs of this Court.

Respectfully submitted,

**EVELYN KEYES**

BY: _____
CRYMES M. PITTMAN

Of Counsel:

CRYMES G. PITTMAN, MSB #4391
cgp@pgrwlaw.com
CRYMES M. PITTMAN, MSB #99225
cmp@pgrwlaw.com
PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: 601-948-6200
Facsimile: 601-948-6187