UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PEGGY KEYES AS THE EXECUTRIX
OF THE ESTATE OF EVELYN KEYES                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:18-CV-671-DPJ-FKB

TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.
d/b/a DIRECT TOOLS FACTORY OUTLET                                                DEFENDANT

ORDER

Evelyn Keyes allegedly tripped over a lawnmower on Defendant's showroom floor. Defendant Techtronic Industries Factory Outlets, Inc., d/b/a Direct Tools Factory Outlet, now seeks summary judgment [51]. Plaintiff Peggy Keyes, as the Executrix of the Estate of Evelyn Keyes, has responded in opposition. The Court, having considered the parties' submissions, finds that Direct Tools' motion [51] should be denied.[1]

I.    Facts and Procedural History

On Black Friday, November 24, 2017, Evelyn Keyes went shopping at Direct Tools Factory Outlet in Pearl, Mississippi. She entered the store, turned right, selected a leaf blower, and headed back across the store toward the cash register. While doing so, Evelyn rounded a corner, tripped, and fell to the ground, injuring her hip.

Plaintiff alleges that Evelyn's foot hit the wheel of a low-profile lawnmower on display at the end of an aisle "that was obstructing the walk path." Pl.'s Mem. [60] at 2. The parties offered the following photographs of the scene:

---

[1] The parties have also moved to strike various experts [49, 51, 53]; those motions are addressed in a separate order.







Def.'s Mem. [52] at 2–3; Pl.'s Ex. [59-9] at 1 (reflecting Plaintiff's notes—"tripped over" and "medical bag"); *see also* Def.'s Ex. [51-4] at 1–2 (same photos that are embedded in memorandum).

The front portion of the mower measures 22 inches high, and the wheel itself is eight inches high. *See* Sarrett Dep. [59-8] (Security Guard at Outlet Mall) at 17 (estimating the wheel was eight inches tall); Freeman Dep. [59-4] (Store Manager) at 18 (agreeing the wheel was eight inches tall and estimating the front end of mower was two and one-half feet high); *id.* at 35 (confirming the mower was 22 inches tall). Plaintiff says the placement of this "low-profile, low[-]visibility mower" at the end of the aisle created an unreasonable hazard. Pl.'s Mem. [60] at 8.

Direct Tools seeks summary judgment, arguing that the lawnmower did not create an unreasonably dangerous condition.[2] Plaintiff responded in opposition, and Direct Tools filed a reply. Personal and subject-matter jurisdiction exist, and for the reasons explained below, the Court finds that summary judgment should be denied.

II.     Summary-Judgment Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing

---

[2] Direct Tools also claims that neither Evelyn, nor any other person, "saw her foot strike the mower." Def.'s Mem. [52] at 3. Defendant does not appear to rely on this issue to support its summary-judgment motion, nor could it because the facts are disputed. *See* Sarrett Dep. [59-8] (Security Manager at Outlets of Mississippi) at 12 (admitting he did not witness the actual fall but he thinks Evelyn "caught . . [the] front tire" and "when she went down, it pulled the lawn mower"); *id.* at 14 ("And then looking at the mower being displaced, my belief is that she tripped over that wheel of the mower."); Incident Report [59-11] (by Sarrett) at 1 ("When Ms Keyes attempted to turn the corner, she tripped over a lawn mower that was on the show room floor, fell and landed on her left hip."); Direct Tools Incident Report [59-10] at 1 ("Ms Evelyn trip [sic] over the display lawn mower at the front of the store[.]"); Keyes Dep [59-1] at 13 (testifying that she did not see her foot strike the lawnmower, but she felt her foot strike something); *see also* Freeman Dep. [59-4] (Store Manager) at 15 ("I don't see how she could have tripped on the mower."); *id.* at 18 (admitting he did not see Evelyn fall); *id.* at 20 (clarifying earlier testimony that Evelyn tripped on her own feet and testifying she said, "I just tripped and fell.").

4

that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.   Analysis

Under Mississippi law, a premises owner owes a business invitee such as Evelyn Keyes "a duty of reasonable care in keeping [its] premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 3d 1197, 1199 (Miss. 2008). In a trip-and-fall action, a plaintiff may prove a breach of that duty by showing: (1) that some negligent act of the defendant caused her injury; (2) that the owner had actual knowledge of a dangerous condition and failed to warn her; or (3) that the dangerous condition "existed for a sufficient amount of time to impute constructive knowledge to the [owner], in that the [owner] should have known of the dangerous condition." *Renner v. Retzer Res., Inc.*, 236 So. 3d 810, 813 (Miss. 2017) (quoting *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000)).

Here, Plaintiff travels the first path, claiming the placement of a "low-profile, low[-]visibility mower" constituted an unreasonable hazard. Pl.'s Mem. [60] at 8. Direct Tools, on the other hand, says a lawnmower on the sales floor of a store selling lawn and garden

equipment is usual and customary and therefore not unreasonably dangerous as a matter of law. Def.'s Mem. [52] at 1, 5.

The usual-and-customary theory originated with *Tate v. Southern Jitney Jungle Co.*, where the Mississippi Supreme Court announced that "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps" are not unreasonably dangerous.  650 So. 2d 1347, 1351 (Miss. 1995) (finding that jagged, sharp edge on the underside of deli counter presented jury question whether defendant failed to maintain premises in reasonably safe condition).

As both parties note, this Court applied *Tate* in *Davis v. Variety Stores, Inc.*, No. 3:12-CV-267-DPJ-FKB, 2014 WL 2967908, at *2–3 (S.D. Miss. July 1, 2014).  There, the plaintiff tripped over a movable clothing rack that was positioned close to another clothing rack.  To support her theory that this created an unreasonably dangerous condition, the plaintiff offered the store manager's testimony that the racks should have been 32 inches apart (for wheelchair accessibility), whereas the plaintiff said she had to "wiggle" between them.  *Id.* at *3.  As in this case, the defendant argued that a clothing rack in a clothing store is usual and customary.  *Id.* at *2.  The Court rejected that argument, finding a fact question as to whether "the *placement* of the racks created an unreasonably dangerous condition."  *Id.* at *2 (emphasis added).

Direct Tools attempts to distinguish *Davis*, noting that the distance between its lawnmower and any other object was double the 32 inches referenced in *Davis*.  Def.'s Mem. [52] at 5–6.  Direct Tools says "[t]his critical factual distinction turns the *Davis* fact-pattern from a summary judgment denial to a summary judgment grant." Def.'s Mem. [52] at 6.  But that distinction ignores Plaintiff's theory of the case.  Plaintiff contends that the placement of the low-profile mower at the end of an aisle—where it could be difficult to see while rounding a

corner—constituted an obstruction.  In other words, it was the positioning of the movable object that created the unreasonably dangerous condition.

That argument recently gained at least some support when the Mississippi Court of Appeals applied *Tate* in *Nolan v. Grand Casinos of Biloxi, LLC*, No. 2019-CA-307-COA, 2020 WL 3056040, at *3 (Miss. Ct. App. June 9, 2020).  In *Nolan*, the plaintiff fell down stairs she claimed were unreasonably dangerous.  The Mississippi Court of Appeals disagreed and granted summary judgment.  Distinguishing this Court's holding in *Davis*, the court held that stairs are not moveable objects like clothing racks and instead represent "a type of condition that invitees normally expect to encounter."  2020 WL 3056040 at *3 (distinguishing *Davis*, 2014 WL 2967908, at *3; *Renner*, 236 So. 3d at 815 (reversing summary judgment where plaintiff tripped on protruding leg of a highchair)).  Thus, *Nolan* did not present a case where the "positioning or placement of the defendants' (moveable) furnishings (i.e., clothing racks and highchairs) created an unreasonably dangerous condition."  *Id.* at *3.

This case is like *Davis*.  Viewing the evidence in the light most favorable to Plaintiff, a jury could conclude that the way Direct Tools positioned its movable merchandise created an unreasonably dangerous condition.  Accordingly, a fact question exists; Direct Tools' motion for summary judgment is denied.

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have changed the result.  For the reasons stated, Defendant's motion for summary judgment [51] is denied.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE