UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PEGGY KEYES AS THE EXECUTRIX
OF THE ESTATE OF EVELYN KEYES                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:18-CV-671-DPJ-FKB

TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.
d/b/a DIRECT TOOLS FACTORY OUTLET                                                DEFENDANT

ORDER

This personal-injury action is before the Court on three motions related to experts. While shopping on Black Friday 2017 in Direct Tools Factory Outlet, Evelyn Keyes allegedly tripped and fell over the front wheel of a low-profile lawnmower placed at the end of the aisle.

Plaintiff seeks to exclude Defendant's Retail Safety Expert Connie Reetz [53]. Defendant seeks to exclude Plaintiff's Retail Safety Expert Stephen Melia [47] as well specific opinions rendered by treating physician Dr. James Moss [49]. For the reasons explained below, Plaintiff's motion to strike Connie Reetz [53] is granted, Defendant's motion to strike Stephen Melia [47] is granted, and Defendant's motion to strike certain opinions of Dr. Moss [49] is denied.

I.      Connie Reetz and Stephen Melia

    A.      Applicable Law

Both parties seek to exclude the other's safety expert under Federal Rule of Evidence 702, invoking the Court's gatekeeper function. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7 (1993). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon

sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  In other words, "[t]he Court must determine whether (1) the expert is qualified by special knowledge, (2) his opinion is relevant, and (3) has a reliable basis." *Howell v. Imperial Palace of Miss., LLC*, No. 1:09-CV-7-LG-JMR, 2011 WL 13195946, at *1 (S.D. Miss. Jan. 11, 2011) (citing *Daubert*, 509 U.S. at 589).

Whether a proposed expert should be permitted to testify under Rule 702 "is case, and fact, specific." *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006) (citation omitted).  And the decision to admit or exclude evidence is within the discretion of the trial court.  *Howell*, 2011 WL 13195946, at *1 (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–46 (1997)); *see Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990) (noting decision of trial judge to allow expert testimony "is given broad discretion and will only be reversed if the decision is manifestly erroneous").

B.     Analysis

When Plaintiff designated Stephen Melia as a safety expert, Defendant counter-designated its employee Connie Reetz.  But Direct Tools believes both experts should be excluded, and the Court agrees.

Melia has over 31 years' experience with Walmart Stores, Inc., and describes himself as "an expert in the field of safety and security."  Melia Report [47-7] at 4.  He opines that placing the low-profile mower at the end of the aisle "created an unnecessary trip hazard" that "was the direct cause of this accident."  *Id.*  Similarly, Reetz relies on her 40 years' experience in retail environments to opine "on the subjects of retail displays and retail safety."  Def.'s Designation [53-2] at 1.  For example, she opines that the mower was not an obstruction to a walk path, it was

an open and obvious item on display, and almost any item in a store can create a potential trip hazard for a person who is not sufficiently aware of his or her surroundings.  *Id.*

Though the parties approach the argument somewhat differently, both say the opposing expert is irrelevant and unnecessary.  *See* Def.'s Mem. [48] at 3–5 (noting Melia relied on case-specific discovery and his personal experience); Pl.'s Mem. [54] at 9–12 (noting Reetz relied on case-specific discovery, her subjective belief, and her own personal shopping experiences).

Expert testimony is "unnecessary" if a jury can "adeptly assess [the] situation using only their common experience and knowledge."  *Peters*, 898 F.2d at 450 (affirming decision to exclude expert testimony).  "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier."  Fed. R. Evid. 702 advisory committee's note (cited in *Peters*, 898 F.2d at 449).

Judge Guirola addressed this concern in *Howell v. Imperial Palace of Mississippi, LLC*, where the plaintiff "fell in a chipped out area of concrete approximately 3.5 inches deep and 9 feet long just outside the hotel entrance."  2011 WL 13195946, at *1.  The defendant sought to exclude the plaintiff's safety consultant, who reviewed interrogatory responses and photographs of the area.  *Id.* at *2.  In its motion, the defendant "argue[d] that a jury is fully capable of understanding the evidence examined by [the expert] and arriving at a conclusion about whether a dangerous condition existed on Imperial Palace premises."  *Id.*  Judge Guirola agreed, finding "there will be no issues outside the competency of a normal juror presented in what is fundamentally a slip and fall premises liability case."  *Id.*

The same is true here.  The jury can examine the photographs and other evidence and reach their own conclusions about what happened.  *See*, *e.g.*, *Clark v. Lard Oil Co., Inc.*, No. 2:18-CV-00109-KS-MTP, 2019 WL 4346544, at *4 (S.D. Miss. Sept. 12, 2019) (excluding

expert whose opinions were "well within the purview of the jury's common experience and knowledge"); *Facille v. Madere & Sons Towing, Inc.*, No. CV 13-6470, 2014 WL 12719079, at *4 (E.D. La. Nov. 26, 2014) (excluding expert where the proffered testimony "concern[ed] common sense issues with which the fact finder needs no expert assistance"); *see also Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 2604097, at *5 n.3 (S.D. Miss. June 14, 2017) (noting that jury in a slip-and-fall case is aware that condensation forms on cold objects based on common experience and knowledge and questioning whether expert testimony would actually help jury, but ultimately excluding expert as unqualified).

Finally, the evidence is unreliable. Neither expert cites tests, data, reports, written standards, or any other testable evidence to support any of their opinions. *See Daubert*, 509 U.S. at 595. As Melia admitted in his deposition testimony, he is merely asking the jury "to take [his] word for it." Melia Dep. [47-6] at 116–18. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Plaintiff's motion to strike Connie Reetz [53] is granted; Defendant's motion to strike Stephen Melia [47] is granted.

II.     Dr. James Moss

The challenge to Dr. Moss is somewhat different. Dr. Moss treated Evelyn Keyes after the fall, performing surgery on her hip and providing follow-up care. There is no dispute that Dr. Moss may testify as an expert witness regarding his treatment. But Defendant contends that he may not offer an impairment rating because that opinion exceeds the scope of the treatment and would require a written expert report that was never provided. Plaintiff says Defendant waived that argument.

4

Federal Rule of Civil Procedure 26(a)(2)(A) requires disclosure of the identity of any witness a party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Rule 26(a)(2)(B) further requires the disclosure to be accompanied by a written report, prepared and signed by the witness, "if the witness is one retained or specifically employed to provide expert testimony in the case." If a witness is not one required to provide a report, the disclosure must state the subject matter on which the witness is expected to present evidence along with a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Specific to treating physicians, Local Uniform Civil Rule 26(a)(2)(D) provides in relevant part that:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under [Federal Rule of Evidence] 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

Here, the question is whether a non-retained, treating physician can be converted to a retained expert. As explained by the Court in *Walker v. Target Corp.*,

> if a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett v. Deere*, No. 2:15-CV-2-KS-MTP, . . . 2016 WL 4735312[, at *1] (S.D. Miss. Sept. 11, 2016). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.* Therefore, if a treating physician's expected testimony—whether fact or opinion—is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B).

5

2017 WL 2903253, at *1. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Dr. Moss treated Evelyn Keyes from November 2017 to roughly June 2018. After the conclusion of treatment, Plaintiff's counsel requested and received the following impairment rating from Dr. Moss:

> To whom it may concern. REDACTED is at MMI from her left intertrochanteric femur fracture. She has mild deficits in motion with very minimal pain. According to the sixth edition of the guides to the evaluation of permanent impairment and table 16–4 she has a 7% lower extremity impairment.
>
> Electronically signed by: James Abney Moss, Jr., M.D.
> Date: 8/7/2019 Time: 11:47 AM

Moss Opinion (Aug. 7, 2019) [49-2]. This impairment rating was provided to Defendant on August 16, 2019. Pl.'s Resp. [58] at 2.

Shortly thereafter, on August 19, 2019, Plaintiff produced her Designation of Expert Witnesses, listing Dr. Moss as an expert in orthopedic surgery and Evelyn Keyes' treating physician as contemplated by Local Rule 26(a)(2)(D). Designation [49-3] at 1. In particular, Plaintiff explained that Dr. Moss's "testimony may also include the history received, examinations, methods of treatment, diagnosis, prognosis, pain and suffering, extent of injury, future medical treatment, cost of medical treatment to date and in the future, permanency of injuries, limitations of movement, restrictions of activity, disability, *impairment*, causation, and other similar testimony." *Id.* at 1–2 (emphasis added).

Finally, in his deposition on November 22, 2019, Dr. Moss explained that, in response to a request by Plaintiff's counsel, he utilized a table containing diagnosis-based impairment ratings and Evelyn Keyes' medical records to determine the impairment rating. Moss Dep. [49-1] at 6

(examination by Plaintiff's counsel), 10 (examination by Defendant's counsel).  According to Defendant, this testimony revealed that Plaintiff's counsel—not Evelyn Keyes—had requested the impairment opinion.  Def.'s Mem. [50] at 2.  Prior to this, "Direct Tools' counsel assumed that Ms. Keyes had returned to Dr. Moss for medical evaluation."  *Id.*

Defendant says Dr. Moss became a retained expert when he prepared the impairment opinion for litigation at the lawyer's request and relied on a previously unused source—the American Medical Association Guidelines on lower-extremity impairment.  Def.'s Mem. [50] at 3–4 (citing Moss Dep. [49-1] at 6 (direct examination); *id.* at 20 (cross examination)).  Because Plaintiff designated Dr. Moss as a non-retained, non-report-producing expert, Defendant believes the "retained expert portion of his testimony"—namely the impairment opinion—must be excluded.  Def.'s Mem. [50] at 4 (citing Rule 37(c)(1) and Local Rule 26(a)(2)).

Plaintiff violated the rules, but the threshold question is whether Defendant waived this objection.  Uniform Local Rule 26(a)(3) provides:  "Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived."  There is no dispute that the December 18, 2019 objection was filed *after* the November 20, 2019 discovery deadline.

Direct Tools says Local Rule 26(a)(3) should not apply, however, "where the disclosure appears adequate but is inadequate for a hidden reason that only the disclosing party could know."  Def.'s Reply [65] at 2.  Even if true, Direct Tools discovered the facts supporting its inadequate-disclosure argument at Dr. Moss's deposition on November 22 yet waited nearly a month before filing its motion.

Direct Tools also argues that Local Rule 26(a)(3) cannot be applied in a way that conflicts with Federal Rule of Civil Procedure 37.  But the Court perceives no conflict—Rule 37

provides the mechanism to challenge disclosures and the sanctions available; Local Rule 26(a)(3) provides a deadline for doing so. *See Caldwell v. Wal-Mart Stores East, LP*, No. 3:10-CV-651-DPJ-FKB, 2012 WL 1712377, at *1 (noting interplay between Rule 37(c) and Local Rule 26(a)(3)).[1] Direct Tools missed that deadline, and even assuming it could not have discovered the inadequacy until Dr. Moss's deposition, it nevertheless failed to act promptly.

Although close, the Court finds Direct Tools waived the objection to Dr. Moss's impairment opinion. *See Hollingsworth v. Hercules, Inc.*, No. 2:15-CV-113-KS-MTP, 2016 WL 7409130, at *2 (S.D. Miss. Dec. 22, 2016) (applying Local Rule 26(a)(3) and finding the defendant waived any argument regarding the inadequate disclosure of the plaintiffs' testimony regarding the value of their own properties); *Caldwell*, 2012 WL 1712377, at *1 (finding the defendant violated Local Rule 26(a)(3) and waived objection); *Stogner v. Belk Dep't Stores, LP*, No. 3:10-CV-00146-CWR, 2011 WL 1627020, at *2 (S.D. Miss. Apr. 27, 2011) (noting the Court's discretion to apply Rule 26(a)(3) and not allow an untimely challenge to an expert disclosure).

Even if Defendant had not waived its objection, the Court would still deny the motion for lack of prejudice. While Plaintiff should have followed the rules, the breach was somewhat technical and there was just one discrete opinion that exceeded the scope of treatment. More significantly, the trial of this matter is now set for November 2020, so Direct Tools discovered the breach nearly a year in advance. It also knew about the opinion—and the basis for it—before the deposition, so it was able to depose the doctor regarding his finding. Even when a party

---

[1] That said, the Court does believe that a district judge retains discretion in enforcing Local Rule 26(a)(3) based on the circumstances. *See Guthrie v. Quitman Cty. Hosp., LLC*, No. 3:13-CV-244-M-A, 2014 WL 8276240, at *2 (N.D. Miss. Oct. 27, 2014) (declining to apply Local Rule 26(a)(3) where the discovery deadline was only 20 days after the designation deadline and noting the plaintiff would have to object the same day he received the designation).

wholly fails to designate an opinion, the Court must still consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882–83 (5th Cir. 2004).  Under those factors—primarily the lack of prejudice—the motion is denied.

III.   Conclusion

The Court has considered all arguments; those not addressed would not have changed the outcome.  For the reasons stated, Plaintiff's motion to strike Connie Reetz [53] is granted, Defendant's motion to strike Stephen Melia [47] is granted, and Defendant's motion to strike certain opinions of Dr. Moss [49] is denied.

This matter is currently set for a pretrial conference on October 9, 2020.  Considering Court's recent rulings, the parties are directed to confer and explore whether renewed settlement discussions are appropriate.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE